**124**

UNITED STATES of America,
Plaintiff-Appellee,

v.

Eubergene NICHOLSON, Defendant-
Appellant.

No. 73–2680

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 4, 1974.

Tommy C. Mann, Macon, Ga., for de-
fendant-appellant.

William J. Schloth, U. S. Atty.,
Charles T. Erion, Asst. U. S. Atty., Ma-
con, Ga., for plaintiff-appellee.

Before WISDOM, GOLDBERG and
GEE, Circuit Judges.

PER CURIAM:

Defendant Eubergene Nicholson was
indicted on two counts of misapplication
of funds and receipt of funds with in-
tent to injure and defraud the Sanders-
ville Production Credit Association, in
violation of 18 U.S.C. § 657 and 18 U.S.
C. § 1006. Pursuant to Rule 23(a),
Fed.R.Crim.P., defendant waived his
right to trial by jury. The district
court sitting without a jury convicted
defendant on both counts and sentenced
him to four months on Count 1 and to
two years probation on Count 2. On
this appeal defendant makes only one al-
legation of error: that the district court
improperly admitted evidence of a sepa-
rate and independent crime, similar in
nature, upon which no conviction was
proved.

■ We need not decide whether
the district court's failure to exclude the
evidence in question was improper, be-
cause the record clearly demonstrates
that the error, if any, was not prejudi-
cial. We note briefly the combination of
factors that compels this conclusion.
First, there was overwhelming evidence,
entirely independent of the testimony
concerning the prior crime, to support
the conviction. Second, defendant
presented no witnesses and offered no
evidence at trial. Third, the very mod-
erate sentences on both counts give no
indication that evidence of the prior of-
fense was used for enhancement pur-
poses. Finally, we note that this was a
bench trial; the prejudicial impact of
erroneously admitted evidence is thus
presumed to be substantially less than it
might have been in a trial before a jury.
*See* United States v. Dillon, 5 Cir. 1971,
436 F.2d 1093, 1095. We are satisfied
that the admission of evidence of the

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty. Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

prior crime did not affect substantial rights of defendant and therefore does not constitute grounds for reversal. Fed.R.Crim.P. 52(a).

Affirmed.